IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| In re: | : | MDL Docket No. 4:03CV1507-WRW |
| | : | 4:08CV04195 |
| PREMPRO PRODUCTS LIABILITY | : | |
| LITIGATION | : | |
| | : | |
| | : | |
| RICK JASPERSON, as Trustee for the | : | PLAINTIFFS |
| Next-of-Kin of Decedent Gail Gilliam, et al. | : | |
| | : | |
| v. | : | |
| | : | |
| WYETH, et al. | : | DEFENDANTS |

**ORDER**

Pending are Plaintiff's Motion to Remand (Doc. No. 22) and Defendants' Motion to Dismiss Duplicative Cases (Doc. No. 25 ).

**I.     BACKGROUND**

Originally filed in Minnesota state court, this case includes multiple plaintiffs from numerous states and multiple defendants. Defendants removed the case to federal court, claiming fraudulent misjoinder. Plaintiffs seek to remand to Minnesota state court for lack of diversity jurisdiction.

This case originally involved 6 plaintiffs and 6 defendants (not including "John Does"). Although Plaintiffs are citizens of 6 different states,[1] none of the parties are from Minnesota, which is the state where this case was filed. Defendants assert that all non-diverse Plaintiffs were fraudulently added to prevent federal diversity jurisdiction.

Plaintiffs assert that the case should be remanded because "[o]ne of the decedents (Elizabeth Mendelson) was a citizen of the same state as three of the named defendants at the

---

[1] Plaintiffs are residents of Texas, California, New Jersey, Ohio, Washington, and Colorado.

1

time of her death."[2] However, as Plaintiffs concede, only Plaintiff Mendelson is making claims against Defendants who are from the same state as the plaintiff.

**II.     DISCUSSION**

As I have mentioned before, these multi-plaintiff and multi-defendant pleadings are nothing new to MDL litigation.[3]  Since the non-diverse plaintiff is typically misjoined for the sole purpose of defeating diversity, these multi-plaintiff complaints are oft criticized.  In fact, one MDL court has described this as an "innovative, but unwise, pleading strategy that interferes with the [MDL] court's ability to administer this case for pretrial purposes."[4]  MDL courts have repeatedly held that misjoined plaintiffs will not defeat diversity and the remedy is severing the claims of the non-diverse plaintiffs and defendants.[5]

Rule 20(a) of the Federal Rules of Civil Procedure permits plaintiffs to join their claims in one cause of action if the claims: (1) arise out of the same transaction or occurrence and (2) present a common question of law or fact.[6]  "[E]ven if a non-diverse plaintiff [has] a valid cause of action against a defendant, that plaintiff may not prevent removal based on diversity of

---

[2]Doc. No. 22-6.

[3]See *In re Prempro Products Liability*, 4:03CV01507-WRW (E.D. Ark. Aug. 31, 2004).

[4]*In re Diet Drugs Products Liability*, No. Civ. A. 98-20478, 1999 WL 554584, at *5 (E.D. Pa. July 16, 1999).

[5]See *In re Baycol Products Liability Litigation*, 0:01-md-01431-MJD, at Doc. No. 3369 (D. Minn. filed December 19, 2001).  See also *In re Rezulin Products Liability Litigation*, 168 F. Supp. 2d 136, 148 (S.D.N.Y. 2001); *In re Diet Drugs*, 1999 WL 554584, at *5 (dropping the misjoined plaintiffs under Fed. R. Civ. P. 21); *In re Levaquin Products Liability Litigation*, No. 0:08-md-01943-JRT, at Doc. No. 32  (D. Minn. filed June 16, 2008) (denying Plaintiffs' request to file multi-plaintiff complaints because such a filing would violate Rule 20).

[6]FED. R. CIV. P. 20.  The Minn. R. Civ. P. 20.01 is virtually the same.

citizenship if there is no reasonable basis for the joinder of that non-diverse plaintiff with the other plaintiffs."[7]

Plaintiffs argue that their claims arise out of the same transaction or occurrence and there are common questions of law and fact, but I am not persuaded. Plaintiffs fail to meet either part of the rule. The only thing common among Plaintiffs is that they took an HRT drug -- but not necessarily the same HRT drug. Plaintiffs are residents of different states and were prescribed different HRT drugs by different doctors, for different lengths of time, in different amounts, and they suffered different injuries. In light of this, Plaintiffs are not properly joined under Rule 20.[8] "To simply group the plaintiffs by judicial district or to simply group them primarily for filing convenience, [does] not satisfy the terms required in Rule 20 nor the purpose" of Rule 20.[9] Additionally, I can see no reason for the joinder of the non-diverse plaintiffs other than to defeat diversity jurisdiction.

### III. EDITORIAL

In view of the numerous rulings critical of the type of pleading involved here, I find it puzzling that plaintiffs' counsel continue to improperly join plaintiffs in multidistrict litigation (pharmaceutical cases particularly). This practice is not invariably contrary to joinder, venue, and jurisdiction rules, but for obvious reasons it has been questioned by several MDL courts.[10] I

---

[7]*In re Diet Drugs Products Liability*, 294 F. Supp. 2d 667, 673 (E.D. Pa. 2003).

[8]*See In re Orthopedic Bone Screw Products Liability*, 1995 WL 428683 (E.D. Pa. July 17, 1995) (severing misjoined plaintiffs under similar circumstances); *In re Rezulin*, 168 F. Supp. 2d at 145 (same); *In re Diet Drugs*, 1999 WL 554584, at *4 (same); *In re Baycol Products Liability Litigation*, 2003 WL 22341303 (D. Minn. 2003) (same). See also *In re Levaquin Products Liability Litigation*, No. 0:08-md-01943-JRT, at Doc. No. 32 (denying the plaintiffs' request to file multi-plaintiff complaints).

[9]*In re Orthopedic Bone Screw*, 1995 WL 428683, at *2.

[10]*In re Orthopedic Bone Screw*, MDL 1014; *In re Norplant*, MDL 1038; *In re Diet Drugs*, MDL 1203; *In re Rezulin*, MDL 1348; *In re Baycol*, MDL 1431; *In re Welding Rod Products Liability Litigation*, MDL 1535; *In re Levaquin Products Liability Litigation*, MDL-

shall[11] look at such complaints with a jaundiced eye (this sentence can be taken as "a word to the wise").  I first gave this "word to the wise" missive in February, 2006, but apparently it was not heard.  This practice may render me testy.

   IV.   **ABATEMENT**

In the past, I entered an order that "dropped" all but the first named plaintiff from the multi-plaintiff complaint and directed the "dropped" plaintiffs to refile their individual cases in the appropriate federal court.  However, this case is different because every Plaintiff currently has another case pending in this MDL.

"Although no precise rule has evolved with regard to the handling of instances where identical issues are raised in cases pending in different federal courts, the general principle is to avoid duplicative litigation."[12]  A litigant should not be "able to litigate the same issue at the same time in more than one federal court . . . ."[13]  The Eighth Circuit recognizes that the "well-established rule is that in cases of concurrent jurisdiction, 'the first court in which jurisdiction attaches has priority to consider the case.'"[14]  Under this "first-filed complaint rule," a court may

---

1943.

[11]Used in this context, "shall" does not violate B. Garner's rules.

[12]*Brewer v. Swinson*, 837 F.2d 802, 804 (8th Cir. 1988) (citing *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 817 (1976)).

[13]*Crowley Cutlery Co. v. U.S.*, 849 F.2d 273, 279 (7th Cir. 1988). See also *Remington Rand Corp.-Delaware v. Business Systems, Inc.*, 830 F.2d 1274, 1276 (3d Cir. 1987) (dismissing case that involved "precisely the same parties as the ongoing plenary action presently before the district court); *Blinder, Robinson & Co., Inc. v. U.S.S.E.C.*, 692 F.2d 102 (10th Cir. 1982) (holding that a Court may abate a case "where another suit, involving the identical issues, is pending either in federal or state court, and it would be duplicative, uneconomical and vexatious to proceed."); *Hardwick v. Brinson*, 523 F.2d 798, 800 (5th Cir. 1975) (holding that a Plaintiff who filed identical cases in both the Northern District of Georgia and the Southern District of Georgia, was "entitled to have his claims considered . . . by only one of the courts he has selected.").

[14]*U.S. Fire Ins. Co. v. Goodyear Tire & Rubber Co.*, 920 F.2d 487, 488 (8th Cir. 1990) (quoting *Orthmann v. Apple River Campground, Inc.*, 765 F2d 119 (8th Cir. 1985)).

dismiss the second-filed case and allow Plaintiff to proceed with the case filed first.  Although this rule "is not intended to be rigid, mechanical, or inflexible . . . in the absence of compelling circumstances . . . the first-filed rule should apply."[15]

I see no compelling circumstance that should permit the duplicative Plaintiffs to refile additional cases in the appropriate federal court.  In fact, directing the "dropped" Plaintiff to do so is unnecessary since they already have cases pending in this MDL.

Under Rule 21 of the Federal Rules of Civil Procedure, each Plaintiff, save Elizabeth Mendelson,[16] is DROPPED from this case and DISMISSED because of their duplicative cases.

## CONCLUSION

Based on the findings of fact and conclusions of law above, Plaintiffs' Motion to Remand (Doc. No. 22) and Defendants' Motion to Dismiss Duplicative Cases (Doc. No. 25) are GRANTED in PART and DENIED in PART.

Each Plaintiff -- save Elizabeth Mendelson -- is DISMISSED.  This case, with only the claims of Plaintiff Elizabeth Mendelson remaining, is REMANDED to the Fourth Judicial District of the State of Minnesota (Hennepin County).

IT IS SO ORDERED this 29th day of December, 2008.

/s/ Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[15] *U.S. Fire Ins. Co.,* 920 F.2d at 488-89 (citations omitted).

[16] I realize that Elizabeth Mendelson currently has another case pending in MDL-1507 -- No. 4:05-CV-01224-WRW.  However, I do not believe I can dismiss this duplicative case since diversity jurisdiction is lacking.